IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TAMBRA DEE CHILDRES                                                              PLAINTIFF

vs.                                      Civil No. 6:21-cv-06132

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                          DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Tambra Dee Childres ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.     Background:**

Plaintiff protectively filed her disability application on October 13, 2017. (Tr. 292).[1] In her application, Plaintiff alleges being disabled due to chronic ischemic heart disease, coronary artery disease, arteriosclerotic heart disease with angina, heart palpitations, bilateral pulmonary

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 12. These references are to the page number of the transcript itself not the ECF page number.

embolisms, hypertension, fibromyalgia, depression, degenerative disc disease, neck surgery with hardware, pending back surgery, osteoarthritis, rheumatoid arthritis, anxiety, restless leg syndrome, renal failure, iron deficient anemia, carpal tunnel syndrome in both hands, trigger finger surgery on five fingers and thumb, and insomnia.  (Tr. 350).  Plaintiff alleges an amended alleged onset date of August 24, 2017.  (Tr. 10).  Her application was denied initially and again upon reconsideration.  *Id.*

Plaintiff requested an administrative haring on her denied application, and this hearing request was granted.  (Tr. 70-95).  Plaintiff's first administrative hearing was held on July 29, 2018.  *Id.*  On September 9, 2019, the ALJ issued an unfavorable decision.  (Tr. 137-157).  On June 9, 2020, the Appeals Council remanded the ALJ's initial decision.  (Tr. 158-163).  This order directed the ALJ to re-evaluate her mental residual functional capacity ("RFC") and obtain additional evidence from a Vocational Expert ("VE") to evaluate whether she retained transferable skills to other occupations in the national economy.  (Tr. 160-161).

On December 3, 2020, the ALJ held a second administrative hearing.  (Tr. 30-69).  This hearing was held *via* telephone in Hot Springs, Arkansas.  *Id.*  Plaintiff was present and was represented by counsel, Jay Scholtens, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") William Elmore testified at this hearing.  *Id.*  At this hearing, Plaintiff testified she was fifty-eight (58) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008).  (Tr. 35).  As for her education, she testified she had completed high school but had received no further education.  (Tr. 36).

On December 11, 2020, the ALJ entered a second unfavorable decision denying Plaintiff's disability application.  (Tr. 7-29).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2024.  (Tr. 13, Finding 1).  The ALJ

2

determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 24, 2017, her amended alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: coronary artery disease, cervical degenerative disc disease with fusion in 2014, fibromyalgia, mild obesity, restless leg syndrome, history of carpal tunnel syndrome status post bilateral release and status post trigger finger release, osteoarthritis, and lumbar degenerative disc disease. (Tr. 13-15, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15-17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 17-22, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work; occasional climbing, stooping, crouching, kneeling, an crawling; frequent reaching and handing; occasional overhead reaching; mental more of an adjustment disorder and no restrictions (20 CFR 404.1567(a)).

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22-23, Finding 6). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon this testimony, the ALJ determined Plaintiff retained the capacity her PRW as a finance technician (payroll supervisor). *Id.* Because the ALJ determined Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from August

24, 2017 (amended alleged onset date) through December 16, 2020 (date of the ALJ's decision). (Tr. 23, Finding 7).

Plaintiff sought review with the Appeals Council. (Tr. 1-4). On August 17, 2021, the Appeals Council denied this request for review. *Id.* On October 7, 2021, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 20-21. This matter is now ripe for consideration.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that wouldhave supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The

Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  See 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  See Cox, 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  See 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record.  ECF No. 20 at 1-15.  In making this claim, Plaintiff raises four issues for reversal: (A) the ALJ failed to provide "good reasons" for rejecting the findings of her treating medical provider regarding her need to keep her feet elevated within the RFC determination; (B) the ALJ failed to resolve an apparent conflict between the VE's testimony and the *Dictionary of*

*Occupational Titles* ("DOT"); (C) the ALJ erred in dismissing her restrictions due to her coronary artery disease on her PRW; and (D) the ALJ erred in evaluating her subjective complaints. *Id.* Upon review, the Court finds the ALJ's credibility determination is not supported by substantial evidence in the record; thus, the Court will only consider Plaintiff's fourth issue for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead, the ALJ based his credibility determination upon the fact Plaintiff's subjective complaints were not supported by her medical records. (Tr. 17-22). In his opinion, the ALJ summarized Plaintiff's medical records and discounted Plaintiff's subjective complaints because they were not supported by the objective medical records:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 18).

Indeed, although the ALJ references "other evidence in the record," the ALJ does not specifically state what the "other evidence" entailed. Based upon the opinion, the ALJ may have been referring to the following as the "other evidence":

> The claimant's activities are more than the severe residual functional capacity given. In July 2019, records note the claimant has been growing and selling veggies. She had also fallen while carrying groceries (Exhibit 27F/28). In September 2019, the claimant reported developing right knee pain and then ankle pain after walking a lot (Exhibit 27F/20).

(Tr. 21). Upon review of this determination, however, the ability to grow and sell vegetables as well as carry groceries does not demonstrate she is not disabled. *See Hutsell v. Massanari,* 259 F.3d 707, 713 (8th Cir. 2001) (noting that a claimant need not "be bedridden to qualify for disability benefits").

Based upon this review, the Court finds the ALJ improperly discounted Plaintiff's subjective complaints based upon her medical records. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 30th day of August 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE